IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTON BAYARD BOYLE | : | CIVIL ACTION |
| v. | : | |
| JUDGE PAUL M. YATRON, et al. | : | NO. 10-0530 |

**M E M O R A N D U M**

ROBRENO, J.                                          MAY 17, 2010

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against Judge Paul M. Yatron of the Berks County Court of Common Pleas, Berks County District Attorney John T. Adams and Berks County Commissioner Christian Y. Leinbach. He is alleging, in essence, that his constitutional rights have been violated because Judge Yatron and District Attorney Adams have failed to answer or hold hearings on petitions and motions that he has filed in the Berks County Court of Common Pleas. He further alleges that Commissioner Leinbach has refused to respond to his letters, motions and petitions and to investigate his claims. In his prayer for relief, he is seeking money damages, release from incarceration and to have his sentence vacated.

**I. STANDARD OF REVIEW**

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." Id. at 327.

## II. DISCUSSION

### A. Claims against Judge Paul M. Yatron

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Paul M. Yatron was acting outside of his judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against Judge Yatron must be dismissed.

### B. Claims against District Attorney John T. Adams

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. There is nothing in the complaint to suggest that District Attorney John T. Adams acted outside of the scope of his prosecutorial duties in connection with plaintiff's criminal trial. Accordingly, the claims against District Attorney Adams will also be dismissed.

### C. Claims against Commissioner Christian Y. Leinbach

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). Plaintiff's allegation that Commissioner Leinbach failed to respond to his correspondence does not state a violation of plaintiff's constitutional rights. Therefore,

plaintiff's claims against Commissioner Leinbach will be dismissed.

### D. Release From Incarceration

Finally, plaintiff is requesting that he be released from incarceration and that his sentence be vacated. Such requests may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriquez, 411 U.S. 475 (1973).

## III. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint as frivolous pursuant to 28 U.S.C. § 1915(e) is appropriate.